## Linn *vs.* Neldon's Administrator.

1. In a suit upon an instrument as follows: "Borrowed and received of S. M. N., $5000 in seven and three-tenth treasury notes, which we promise to return on demand, with all interest due thereon," against the maker and his surety, the defence that the bonds were sold and the proceeds accounted for to the lender, is a defence to the undertaking, not in discharge of the surety. It is not an equitable defence, but a strictly legal one, and a court of law is the proper tribunal for its trial.

2. The fact that the rules of evidence will not permit the surety, at law, to avail himself of the only existing proof of his defence, will not entitle him to relief in equity.

On motion to dissolve injunction for want of equity in the bill and affidavit, upon which it was granted.

*Mr. McCarter*, for motion.

*Mr. Linn*, contra.

THE CHANCELLOR.

The complainant, as surety for George Neldon, signed with him a written undertaking to Susan M. Neldon, the defendant's intestate, and the mother of George, of the following purport: "$5000. Borrowed and received of Susan M. Neldon, five thousand dollars, in seven and three-tenth treasury notes, which we promise to return, on demand, with all interest due thereon. First issue, February 15th, 1867. George Neldon. Edward A. Linn."

On the 7th of January, 1871, Susan M. Neldon served on Linn a written notice requiring him to return these notes, and in April, 1871, commenced a suit at law against him and George Neldon, on their written undertaking. In this suit Linn pleaded, and George Neldon suffered judgment by default. After issue joined Susan M. Neldon died, and her administrator was substituted as plaintiff, and noticed the cause for trial.

The bill filed in this suit alleges that some time in November, 1869, George Neldon and Susan M. Neldon made a new agreement respecting these treasury notes, by which George, with her consent, sold these notes and accounted to her for the proceeds; that the complainant was no party to, and had no notice of said new arrangement, until George Neldon applied to him to aid him in effecting the sale of these treasury notes, which he did at the request of George. The bill alleges, that by the death of Susan M. Neldon and the substitution of her administrator as plaintiff in the suit at law, the complainant is deprived of her evidence and that of George Neldon to sustain these facts, which constitute his defence, and cannot be sworn as a witness himself in that suit.

The affidavit annexed to the bill is that of the complainant, and does not show, except by what he heard from George Neldon, that Susan M. Neldon assented to or knew of the sale of these treasury notes. And it does not show, even by hearsay, that the proceeds of these notes were ever paid or accounted for to her. The endorsement on the undertaking, dated February 15th, 1867, of the payment of $500, the "premium on the within bonds which were sold this date," would indicate that the bonds were sold on the day they were borrowed, and that the intention of the undertaking was what is usual in such cases, to secure the return, not of the same, but of like bonds.

The fact that these bonds were sold by her son, by the consent and direction of Mrs. Neldon, and the proceeds accounted for to her, is a discharge or fulfillment of the undertaking, both on the part of her son and of Linn. It is a full defence at law, and can be taken advantage of there as well as in equity, and a court of law is the most proper tribunal for the trial of this defence. This defence is to the undertaking, not in discharge of the surety. It is not an equitable defence in any way or sense, but strictly a legal one.

Formerly, the discharge of a surety by giving time to the principal, could only be taken advantage of in equity; it was an equitable defence only. And although long since it was

allowed as a defence at law, yet courts of equity will still grant relief on that ground, upon the principle that equity jurisdiction is not taken away on matters over which it was once clearly established, by the fact that by statute, or the change of practice in the law courts, relief can be had in them. But the defence of the complainant here was never an equitable defence—it always was strictly a legal defence.

Nor can the fact that the rules of evidence will not permit him, at law, to avail himself of the only existing proof of his defence, entitle him to relief in equity. No such principle has ever been established in courts of equity. In many cases a bill of discovery will be entertained in aid of a suit at law, and the proceedings at law restrained until discovery. But the bill in this case is not for discovery; it does not allege that the administrator has any knowledge of the facts constituting the defence.

Besides, there is no proof of the fact upon which the defence depends in the affidavit annexed to the bill. The only allegation is upon hearsay. And there are no facts or circumstances proved to support the allegation or make it probable.

The injunction must be dissolved.